IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER, | No. CIV S-06-1543-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| FELKER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for an evidentiary hearing (Doc. 16). Petitioner has also filed a document entitled "Motion to Expand Investigation" (Doc. 22) which is subsumed by his motion for an evidentiary hearing. Respondents have filed responses to both motions.

Through an evidentiary hearing, petitioner seeks to introduce the testimony of Christie Davis, a DNA expert. Petitioner claims in the underlying petition for a writ of habeas corpus that his trial counsel was ineffective for failing to call Davis as a witness. Respondents oppose petitioner's motion for an evidentiary hearing on the following grounds: (1) petitioner failed to exercise due diligence because he did not seek an evidentiary hearing in state court; and

1  (2) petitioner fails to show that an evidentiary hearing is warranted.

2  Respondents are correct.  Where a petitioner seeks to introduce new evidence in a federal habeas petition, he must first demonstrate that he was not at fault for failing to develop the evidence in the state court first.  See Holland v. Jackson, 124 S.Ct. 2736 (2004).[1]  A petitioner is at fault if, based on the facts available to him at the time, the petitioner did not exercise due diligence in presenting the facts to the state court.  See Williams v. Taylor, 529 U.S. 420, 435, 437 (2000).  At a minimum, this requires the petitioner to seek an evidentiary hearing in the state court with respect to the evidence he seeks to introduce in federal court.  See id.  As to due diligence, the record clearly establishes that:  (1) petitioner knew about Davis' testimony at the time his case was pending in state court; and (2) petitioner never sought an evidentiary hearing in state court as to Davis' testimony.

As to whether an evidentiary hearing is even warranted, the basis for petitioner's motion is his assertion that the scientific community rejects the assumptions used to analyze the DNA in his case.  However, the record shows that petitioner's trial counsel believed that Davis' testimony would not have shown that the DNA test results were in error.  On the existing record, the court cannot see how the requested evidentiary hearing would shed any additional light on the case.  In sum, petitioner's claim of ineffective assistance of counsel with respect to Davis' testimony can be resolved on the current record.  See Baja v. Ducharme, 187 F.3d 1078, 1078 (9th Cir. 1999).

/ / /

/ / /

/ / /

/ / /

---

[1] Exceptions – which do not apply in this case – exist where the Supreme Court announces a new rule of constitutional law made retroactive for cases on collateral review or the facts were not available at the time the case was before the state courts.  See 28 U.S.C. § 2254(e)(2).

Based on the foregoing, the undersigned recommends that:

    1.    Petitioner's motion for an evidentiary hearing (Doc. 16) be denied; and

    2.    Petitioner's "Motion to Expand Investigation" (Doc. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 24, 2007.

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE