1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

13  ANDRE RAMON CRAVER

14          Petitioner,

No. 2:06-cv-1543 FCD CMK

15      v.                              ORDER

16  MIKE MCDONALD, Warden,

17

18          Respondent.

19                          ----oo0oo----

20      This matter is before the court on petitioner, Andre Ramon

21  Craver ("petitioner"), motion for relief from judgment pursuant

22  to Federal Rule of Civil Procedure 60(b).  For the reasons set

23  forth herein, petitioner's motion is DENIED.

24      Petitioner, a state prisoner proceeding pro se, filed a

25  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

26  on July 12, 2006.  The matter was referred to a United States

27  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

28  Rule 302.

1    On December 26, 2007, the magistrate judge filed Findings &

2  Recommendations ("F&Rs"), recommending that (1) petitioner's

3  motion for a stay and abeyance order to allow him to exhaust

4  unexhausted claims be denied; and (2) petitioner's claims be

5  denied on the merits.  After reviewing petitioner's objections,

6  the court adopted the F&Rs and entered judgment on February 5,

7  2008.  On February 15, 2008, petitioner filed a Notice of Appeal

8  and a Request for Certificate of Appealability, which was denied

9  by the court on February 28, 2008.

10    On June 10, 2010, the Ninth Circuit denied petitioner's

11  application for authorization to file a second habeas corpus

12  petition in the district court, and noted that no petition for

13  rehearing or motion for reconsideration "shall be filed or

14  entertained in this case."  On November 10, 2008, the Ninth

15  Circuit denied petitioner's request for a Certificate of

16  Appealability and denied all outstanding motions.  On March 10,

17  2009, the Ninth Circuit again denied petitioner's application to

18  file a second or successive habeas corpus petition, noting that

19  petitioner had not made a prima facie showing that either (1) the

20  claim relied on a new rule of constitutional law; or (2) the

21  factual predicate for the claim was material and could not have

22  been discovered previously through the exercise of due diligence.

23  The court also noted that no petition for rehearing or motion for

24  reconsideration was to be filed or entertained.

25    On April 27, 2009, the Supreme Court denied petitioner's

26  petition for writ of certiorari.

27    On July 9, 2010, petitioner filed a motion for relief from

28  judgment in this court, arguing that he only discovered facts

2

1 relating to his ineffective assistance of counsel claims on

2 January 31, 2010.  Specifically, petitioner contends that he

3 received notice of facts contained in his codefendant's

4 confession through an unpublished decision of the state appellate

5 court, which was filed November 24, 2004, but that he did not

6 receive until January 2010.

7 　　　Rule 60(b) of the Federal Rules of Civil Procedure provide

8 that "on motion and just terms, the court may relieve a party . .

9 . from final judgment . . . for," inter alia, "newly discovered

10 evidence that, with reasonable diligence, could not have been

11 discovered in time to move for a new trial under Rule 59(b)" or

12 "any other reason that justifies relief."  Where a party moves

13 for motion for relief from judgment on the basis of newly

14 discovered evidence, such a motion must be made "no more than a

15 year after the entry of the judgment or order or the date of the

16 proceeding."  Fed. R. Civ. Proc. 60(c).

17 　　　In this case, petitioner filed his motion pursuant to Rule

18 60(b) on July 9, 2010, more than a year after judgment was

19 entered in this case on February 5, 2008.  As such, to the extent

20 petitioner's claim is based solely upon his contention that he

21 discovered new evidence in January 2010, petitioner's motion is

22 untimely.

23 　　　Moreover, even if the motion was timely, petitioner's motion

24 fails on the merits.  First, there is no evidence or argument to

25 support the conclusion that petitioner could not have discovered

26 the facts relating to his codefendant's confession with

27 reasonable diligence.  The confession that petitioner contends

28 was "tantamount to a defense" was made at some point between the

3

1   commission of the crime on September 14, 2001 and prior to the

2   criminal trial in 2003.  Further, the appellate decision was

3   filed on November 24, 2004, well before the habeas petition at

4   issue was filed in federal court.  Second, the appellate decision

5   does not add further strength to petitioner's ineffective

6   assistance of counsel claim with respect to trial counsel.  Even

7   assuming such claims are properly exhausted, petitioner fails to

8   meet his burden in demonstrating that, absent any assumed

9   deficiency in counsel's performance, it is reasonably probable

10  the verdict would have been more favorable to defendant.

11      Moreover, to the extent petitioner seeks to reargue his

12  position regarding his ineffective assistance of counsel claims

13  against counsel Franco, the appellate decision presents no new

14  evidence or argument.  The arguments made by petitioner have been

15  considered and rejected by this court, and the Ninth Circuit

16  denied the application for a certificate of appealability.

17  Further, petitioner offers no other basis under Rule 60(b) for

18  relief from judgment on this issue.

19      Accordingly, petitioner's motion for relief from judgment is

20  DENIED.

21      IT IS SO ORDERED.

22  DATED: August 31, 2010

23

24  _____

25  FRANK C. DAMRELL, JR.
    UNITED STATES DISTRICT JUDGE

26

27

28

4